UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABIGAIL RATCHFORD, ARIANNY CELESTE LOPEZ, TARA LEIGH PATRICK a/k/a CARMEN ELECTRA, CORA SKINNER, DESSIE MITCHESON, HILLARY HEPNER, RACHEL KOREN, IRINA VORONINA, JESSICA BURCIAGA, JACLYN SWEDBERG, JOANNA KRUPA, JORDAN CARVER, KIMBERLY COZZENS, KRYSTAL HIPWELL, LINA POSADA, LUCY PINDER, ROSIE JONES, MASHA LUND, SANDRA VALENCIA, SARA UNDERWOOD, URSULA MAYES, DENISE MILANI, MELANIE IGLESIAS, RHIAN SUGDEN, CLAUDIA SAMPEDRO, PAOLA CANAS, and TIFFANY TOTH GRAY,<br><br>   Plaintiffs,<br><br>   v.<br><br>FOXTIALS LOUNGE,<br><br>   Defendant. | Civil Action No. 22-1802 (RK) (TJB)<br><br>**MEMORANDUM OPINION** |

**KIRSCH, District Judge**

  **THIS MATTER** comes before the Court upon Plaintiffs' Motion for the Entry of Default Judgment against Defendant Foxtails Lounge. (ECF No. 9.)[1] The Court has considered Plaintiffs' Motion and its accompanying submissions and resolves the matter without oral argument pursuant

---

[1] The case caption identifies Defendant as "Foxtials Lounge." However, the Complaint and Plaintiffs' subsequent filings spell Defendant's name "Foxtails Lounge." The Court presumes that "Foxtials" is a typo and refers to Defendant as "Foxtails Lounge" in this Opinion.

to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiffs' Motion is **DENIED** without prejudice.

I.  BACKGROUND

Plaintiffs are twenty-seven (27) professional models and actresses residing in the United States and abroad. (Compl. ¶¶ 1–27, ECF No. 1.)[2] Plaintiffs allege that their livelihoods depend on commercializing their identities, images, and likenesses and that their reputations in modeling industry carries substantial value to them. (*Id.* ¶¶ 34–38.) Defendant is a New Jersey corporation that operates the Foxtails Lounge, a "strip club" located in Manville, New Jersey. (*Id.* ¶¶ 28–29.) Defendant operated social media accounts—on Facebook, Instagram, and Twitter—to promote Foxtails Lounge. (*Id.* ¶ 30.) Plaintiffs allege that Defendant, without permission or compensation, misappropriated Plaintiffs' likenesses by using them in its social media advertisements for its strip club. (*Id.* ¶¶ 39–45.) Plaintiffs' Complaint, filed on March 31, 2022, alleges four counts: common law misappropriation of likeness, (*id.* ¶¶ 344–51); unfair competition and false endorsement under the Lanham Act, 15 U.S.C. § 1125(a), (*id.* ¶¶ 352–76); unfair competition and false endorsement under N.J. Stat. Ann. § 56:4-1, (*id.* ¶¶ 377–81); and common law unfair competition, (*id.* ¶¶ 382–85).

The Complaint gives the address for both the strip club and Defendant, the strip club's corporate owner, as 39 South Street, Manville, New Jersey. (*Id.*) On May 10, 2022, Plaintiffs filed an Affidavit of Service from a process server stating that the summons and Complaint were served on April 25, 2022. (ECF No. 3.) The Affidavit of Service identifies the person to be served as

---

[2] Plaintiffs are Abigail Ratchford, Arianny Celeste Lopez, Tara Leigh Patrick a/k/a Carmen Electra, Cora Skinner, Dessie Mitcheson, Hillary Hepner, Rachel Koren, Irina Voronina, Jessica Burciaga, Jaclyn Swedberg, Joanna Krupa, Jordan Carver, Kimberly Cozzens, Krystal Hipwell, Lina Posada, Lucy Pinder, Rosie Jones, Masha Lund, Sandra Valencia, Sara Underwood, Ursula Mayes, Denise Milani, Melanie Iglesias, Rhian Sugden, Claudia Sampedro, Paola Canas, and Tiffany Toth Gray.

"Michael Winston, Mike Wins Bar, LLC" with an address of 191 Westfield Avenue, Piscataway, New Jersey. (*Id.*) The Affidavit of Service states that service was effectuated on a "JANE DOE (REFUSED NAME)," identified as a "co-tenant." (*Id.*) A check box on the form indicates that the papers were "[l]eft . . . with a competent household member of over 14 years of age residing therein." (*Id.*) On July 12, 2022, Plaintiffs filed a request for entry of default, (ECF No. 4), which the Clerk of the Court entered the following day. The Court issued a Notice for Call of Dismissal pursuant to Local Civil Rule 41.1(a) on October 27, 2022, (ECF No. 5), but withdrew the Notice after Plaintiffs filed a letter indicating that they would file a motion for default judgment shortly thereafter. (ECF No 6). The Court ordered Plaintiffs to file their motion for default judgment by January 27, 2023. (ECF No. 7.)

On January 27, 2023, Plaintiffs filed the pending Motion for Default Judgment. (ECF No. 9.) Plaintiffs' Motion is accompanied by a brief in support of the motion, (ECF No. 9-2), as well as two declarations: one from Stephen Chamberlin, the agency director of LA Models Management, (ECF No. 9-3), and one from William J. Pinilis, Plaintiffs' attorney, (ECF No. 9-4).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55 permits a party to apply for and the court to enter default judgment against a party that fails to plead or otherwise defend claims asserted against it. Fed. R. Civ. P. 55(b)(2). "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits . . . .'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)). "Because the entry of a default judgment prevents the resolution of claims on the merits, '[the Third Circuit] does not favor entry of defaults and default judgments.'" *Loc. 365 Pension Fund v. Kaplan Bros. Blue Flame Corp.*, No. 20-10536, 2021 WL 1976700, at

*2 (D.N.J. May 18, 2021) (quoting *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984)).

Before entering a default judgment pursuant to Rule 55(b), a court performs a thorough analysis of a plaintiff's claims and entitlement to relief. *First*, the defendant must have been properly served. *See Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985). *Second*, the court must have subject matter jurisdiction over the dispute and personal jurisdiction over the parties. *See Mark IV Transp. & Logistics v. Lightning Logistics, Inc.*, 705 F. App'x 103, 108 (3d Cir. 2017). *Third*, the complaint must sufficiently state a cause of action. *See Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008) (citing *Directv, Inc. v. Asher*, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006)). *Fourth*, the court must weigh the three default judgment factors: (1) whether the party subject to the default has a meritorious defense, (2) whether the party seeking default would be prejudiced without it, and (3) whether the default resulted from the defendant's culpable conduct. *Tri-Union Seafoods, LLC v. Ecuatorianita Imp. & Exp. Corp*, No. 20-9537, 2021 WL 1541054, at *7 (D.N.J. Apr. 20, 2021) (citing *Days Inns Worldwide, Inc. v. Jinisha Inc.*, No. 14-6794, 2015 WL 4508413, at *2 (D.N.J. July 24, 2015)). *Finally*, the plaintiff must have proven damages. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

### III.   **DISCUSSION**

The Court begins with the question of whether Defendant was properly served in the action. Because the Court is unable to conclude that Defendant was served with the Complaint or the pending Motion, Plaintiffs' Motion will be denied without consideration of the other factors.

A court may only enter default judgment against defendants who were properly served. *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (citing *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d

4

Cir. 1985)).[3] The plaintiff "bears the burden of proof on that issue." *Grand Entm't Grp. v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993) (citing 4A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1083 (2d ed. 1987)). The plaintiff can meet this burden "by a preponderance of the evidence using affidavits, depositions, and oral testimony." *Mills v. Ethicon*, 406 F. Supp. 3d 363, 392 (D.N.J. 2019) (citation omitted).

Federal Rule of Civil Procedure 4 lays out how a defendant may be served. A "domestic or foreign corporation, or a partnership or other unincorporated association" located in the United States may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1)(B). Alternatively, a corporate defendant may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1) (cited by Fed. R. Civ. P. 4(h)(1)(A)).

Here, Plaintiffs have not established that Defendant was properly served with the summons and Complaint. Plaintiffs' attorney's declaration in support of their Motion states that Defendant was served on April 25, 2022. (ECF No. 9-4.) The Complaint identifies the Defendant as Foxtails Lounge, located at an address in Manville, New Jersey. (Compl. ¶¶ 28–29.) However, the filed Affidavit of Service states that the process server attempted to serve "Michael Winston" and "Mike Wins Bar, LLC" at a different address. (ECF No. 3.) Furthermore, the Affidavit of Service states

---

[3] *See also Victory's Dawn, Inc. v. Clemons*, No. 21-9744, 2022 WL 3402491, at *3 (D.N.J. Aug. 12, 2022) (granting default judgment and finding proper service on LLC defendant because an individual was authorized to and did accept service on the LLC's behalf); *Loc. 365 Pension Fund v. Kaplan Bros. Blue Flame Corp.*, No. 20-10536, 2021 WL 1976700, at *3 (D.N.J. May 18, 2021) (granting default judgment and finding proper service on corporation because the complaint was served on the corporation's officer).

that the Complaint was served on an unidentified "Jane Doe" at Winston's address, rather than Winston himself, at the address in Piscataway, New Jersey. (*Id.*)

Plaintiffs make no suggestion and offer no evidence that the "Jane Doe" listed as a "co-tenant" in the Affidavit of Service was "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" on Defendant's behalf. Fed. R. Civ. P. 4(h)(1)(B). Even assuming *arguendo* that the "Jane Doe" was employed by Defendant, this would not be enough, standing alone, to establish her authorization. *See Siegmeister v. Benford*, No. 15-7099, 2017 WL 2399573, at *5 (D.N.J. June 1, 2017) ("Courts have held that service on receptionists or secretaries at defendants' places of business generally is insufficient under Rule 4(e) unless the defendants expressly appointed those employees to receive process." (citations omitted)).

Furthermore, even if the Complaint had been served on the intended person (Michael Winston), Plaintiffs do not indicate who Michael Winston is and how he is related to Defendant. Michael Winston's name does not appear anywhere in the Complaint. (*See generally* Compl.) Nor does the attorney's certification in support of Plaintiffs' Motion identify Michael Winston or his connection to Defendant. (*See* ECF No. 9-4.) The addresses listed for Michael Winston and Defendant are different, further attenuating the connection between the two.

Because the Court cannot determine that Defendant was properly served, Plaintiffs' Motion is denied without prejudice. The Court also vacates the default entered by the Clerk of the Court.[4]

---

[4] On July 13, 2022, the Clerk of the Court entered default against Defendant because it had not responded to the Complaint within the applicable time period. The Clerk of the Court evidently relied on Plaintiffs' certification stating Defendant had been served and the appended Affidavit of Service, described above. (ECF No. 4.) Nonetheless, default should not have been entered in the absence of proper service, and the Court will vacate the entry of default. *See Witzke v. Ferguson*, 795 F. App'x 120, 122 (3d Cir. 2020) (finding that the "District Court did not abuse its discretion in vacating the entry of default" when service was improper); *Smalls v. Buckalew Frizzell & Crevina LLP*, No. 13-4637, 2014 WL 2889645, at *1 (D.N.J. June 25, 2014) ("[Rule 55(c) authorizes the Court to set aside an entry of default for good cause. Clearly,

Plaintiffs may re-file their motion with a certification and evidence establishing service of process that meets Rule 4's requirements. Alternatively, in the event that Plaintiffs determine that Defendant has not been properly served, Plaintiffs may file a motion seeking permission to re-serve Defendant out of time.[5]

---

failure to effect proper service constitutes good cause."); *see also Gold Kist*, 756 F.2d at 19 ("[B]ecause there is no evidence that the complaint was properly served, the default and the default judgment were improperly entered.").

[5] *See* Fed. R. Civ. P. 4(m) (setting deadline for plaintiff to serve a defendant after the complaint is filed and permitting the court to *sua sponte* dismiss an action absent the plaintiff showing "good cause" for the failure to timely serve); *see also Petrucelli v. Bohringer & Ratzinger, GMBH*, 46 F.3d 1298, 1305 (3d Cir. 1995) (setting out "good cause" standard); *Knights Franchise Sys., Inc. v. Patel*, No. 16-1707, 2017 WL 5191805, at *2 (D.N.J. Nov. 9, 2017) (granting 30-day extension of time to re-serve defendants after denying default judgment motion for failure to properly effectuate service).

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Default Judgment is **DENIED** without prejudice. An appropriate order accompanies this opinion.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

Dated: October 24, 2023